# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 06 CR 421 |
| | ) | |
| | ) | Wayne R. Andersen |
| NICHOLAS B. BLASE et al. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant Nicholas Blase's motion to dismiss the government's superseding indictment pursuant to Federal Rules of Criminal Procedure 7 and 12 or, alternatively, to strike Illinois state law related allegations contained within that indictment. For the following reasons, defendant's motion to dismiss is denied. The court refrains from ruling on defendant's arguments regarding references to Illinois state laws at this time.

## BACKGROUND

In December, 2005, the Grand Jury returned an eleven-count superseding indictment (the "indictment") against defendant Nicholas Blase ("Blase") alleging that Blase misused his official government position for private gain in violation of the federal mail fraud statute and that Blase filed false federal income tax returns for the years 2000 through 2005. Specifically, the indictment alleges that from around 1974 to June 2006 Blase used his position as the Mayor of the Village of Niles, Illinois in a variety of ways to assist Ralph Weiner and Associates ("RWA"), an insurance broker once located in Niles and later relocated to Wheeling, Illinois, to obtain and keep Niles businesses as customers. In return, RWA allegedly took a percentage of the monies it received from these Niles businesses and paid that percentage as a kickback to Blase through S.M.P. Insurance Service, Inc. ("SMP"), which the indictment alleges was a sham

corporation created and maintained for Blase's benefit. The indictment alleges that throughout this scheme, Blase failed to disclose his receipt of these payments to the public and, in fact, took numerous steps to conceal the true nature of his kickback arrangement with RWA. Counts one through five of the indictment charge Blase with violating the federal mail fraud statute, 18 U.S.C. §§ 1341, 1346, 2, by depriving the citizens of Niles of Blase's honest services as Mayor. Counts six through eleven charge Blase with willfully and knowingly filing false federal tax returns for the years 2000 to 2005 in violation of 26 U.S.C. § 7206(1) by failing to report as "Other Income" the payments that Blase allegedly received from RWA. Blase has moved to dismiss the indictment in its entirety.

## **DISCUSSION**

*A.     Standard of Review*

Federal Rule of Criminal Procedure 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). When considering a motion to dismiss under Rule 12(b)(2), a court assumes all facts in the indictment as true and must "view all facts in the light most favorable to the government." *See United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). When viewed in that light, an indictment is sufficient if it satisfies three constitutionally-mandated requirements. *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). First, the indictment must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense. *Id.* Thus, indictments "need not exhaustively recount the facts surrounding the crime's commission." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir.

1997). Rather, "when determining the sufficiency of an indictment, [a court] look[s] at the contents of the subject indictment 'on a practical basis and in [its] entirety, rather than in a hypertechnical manner.'" *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2000) (quoting *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)). An indictment, or a portion thereof, may be dismissed "if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Black*, 469 F. Supp. 2d 513, 518 (N.D. Ill. 2006).

B.  *Counts One through Five Properly Allege Mail Fraud*.

1.  The indictment adequately apprises Mr. Blase of the charges against him.

Blase argues that counts one through five of the indictment should be dismissed because those counts contain merely vague and generic allegations that are insufficient for Blase to adequately prepare a defense in this case or establish a double jeopardy defense in the future. An indictment for mail fraud is sufficient if it includes allegations that the defendant (1) participated in a scheme or artifice to defraud; (2) acted with an intent to defraud; and (3) used the mail in furtherance of the fraudulent scheme. *United States v. Hausmann*, 345 F.3d 952, 956 (7th Cir. 2003); *see also* 18 U.S.C. § 1341. Congress has defined "scheme or artifice to defraud" to include a scheme or artifice to deprive another of the intangible right of honest services. *See* 18 U.S.C. § 1346 ("Section 1346"); *United States v. Segal*, 495 F.3d 826, 834 (7th Cir. 2007). An honest services charge under Section 1346 requires an allegation that a defendant misused his office or position in furtherance of the scheme or artifice to defraud. *United States v. Bloom*, 149 F.3d 649, 655 (7th Cir. 1998).

Here, counts one through five of the indictment are factually sufficient to survive Blase's motion to dismiss. The indictment alleges that Blase entered into a scheme to defraud by using

his official position as Mayor of Niles "to promote RWA and steer businesses to purchase insurance from RWA and, in return, [RWA] paid, and caused to be paid, a portion of RWA's commissions from Niles clients to SMP, a shell corporation controlled by defendant Blase." (Sup. Indict. P. 6). The indictment further identifies the key individuals and entities involved in the scheme, describes the actions and omissions allegedly taken by Blase, tracks the payments of alleged kickbacks received by Blase, including the manner in which the amounts were determined and directed to SMP, and alleges the precise dollar amount of the alleged kickbacks paid from 1997 to 2006. Counts one through five further allege that Blase knowingly used the mail in furtherance of his scheme. When read in the light most favorable to the government, these counts sufficiently allege that Blase misused his position as the Mayor of Niles for private gain in violation of the federal mail fraud statute and more than adequately apprise Blase of the charges against him.

2. The indictment need not allege harm to the victims.

Blase next argues that the mail fraud counts in the indictment should be dismissed because they fail to allege that Blase misused his office at someone's expense. Specifically, Blase argues that when, as here, the government presents a deprivation of honest services theory under the mail fraud statute the indictment must allege some harm or intended harm to the victims of the scheme to defraud. This argument, however, is legally flawed. Although Blase correctly notes that not every breach of fiduciary duty constitutes a deprivation of honest services in violation of the mail fraud statute, *Bloom*, 149 F.3d at 655-56, the Seventh Circuit has held that a breach of fiduciary duty can violate the mail fraud statute when that breach is accompanied by a misuse of office or position. *Id.* at 655. Further, the Seventh Circuit has repeatedly held that "[t]here is no requirement under the law . . . that a co-conspirator to a wire

4

and mail fraud scheme contemplate actual or foreseeable harm to the victim." *Hausmann*, 345 F.3d at 959; *accord United States v. Leahy*, 464 F.3d 773, 786-87 (7th Cir. 2006); *United States v. Fernandez*, 282 F.3d 500, 507 (7th Cir. 2002). Here, as explained *supra*, the indictment sufficiently alleges that Blase misused his position as Mayor of Niles for private gain. Thus, under Seventh Circuit precedent, the indictment sufficiently alleges a violation of the mail fraud statute under an honest services theory even without any allegation of harm or contemplated harm to the victims of Blase's alleged scheme.

Blase also makes the factual argument that counts one through five should be dismissed because there is no allegation that any of RWA's customers were harmed as a result of Blase's alleged scheme. Aside from being legally flawed because the government need not allege any such harm, this argument is also factually incorrect because it mistakenly assumes that the victims of Blase's alleged scheme are limited to RWA's customers. As the government correctly points out in its response to Blase's motion to dismiss, it is the entire citizenry of the Village of Niles, not just those businesses located within Niles, to whom Blase owed a duty of honest services. When viewed in the light most favorable to the government, the indictment alleges that Blase made decisions in his official capacity that affected the welfare of the citizens of Niles based upon Blase's own personal financial interests and not based on the public's welfare. Thus, the citizens of Niles were victimized by Blase's alleged scheme because their interests were not being exercised with their best interests in mind—they were being exercised with Blase's personal financial interests in mind. Accordingly, counts one through five are properly pleaded.

3. The superseding indictment alleges a material misstatement.

Blase argues that counts one through five should be dismissed because the indictment fails to allege that Blase made any material misstatements in connection with his alleged scheme to defraud. Specifically, Blase asserts that the indictment alludes to only one specific omission: that Blase failed to disclose in his Statements of Economic Interest the payments Blase allegedly received from RWA. The government counters that as a matter of law, failing to disclose kickbacks earned in one's fiduciary capacity meets the material misstatement or omission element of the mail fraud statute. The government further argues that Blase's failure to disclose the alleged kickbacks in Blase's Statements of Economic Interest is but one of several activities that Blase is alleged to have engaged in order to conceal the alleged kickback arrangement.

To properly allege a violation of the mail fraud statute an indictment must include an allegation that the defendant made material misstatements or omissions as part of the scheme to defraud. *Neder v. United States*, 527 U.S. 1, 25 (1999). Although a mere failure to disclose, absent more, cannot constitute mail fraud, an omission coupled with an affirmative misrepresentation or breach of a duty to disclose may be actionable as mail fraud. *Anderson v. Lincoln Ins. Agency, Inc.*, No. 02 C 6377, 2003 U.S. Dist. LEXIS 3811, at *5 (N.D. Ill. Feb. 14, 2003). Indeed, the Seventh Circuit has made clear that failing to disclose secret kickbacks earned in one's fiduciary capacity meets the material misstatement or omission element of the mail fraud statute. *See Hausmann*, 345 F.3d at 957; *United States v. Bush*, 522 F.2d 641, 647-48 (7th Cir. 1975). This is because failing to disclose such kickbacks converts "representations to [one's] clients into misrepresentations." *Hausmann*, 345 F.3d at 957.

Here, the indictment sufficiently alleges that Blase made material misstatements or omissions by failing to disclose his kickback arrangement with RWA to the citizens of Niles.

The indictment alleges that Blase, in his capacity as Mayor of Niles, owed a duty of honest services to the citizens of Niles, that under Illinois law he was prohibited from soliciting or knowingly accepting a fee or reward which he knew was not authorized by law, and that under Illinois law he was obligated to disclose any income received by any third party that he constructively controlled. The indictment further alleges that Blase constructively controlled SMP; the "sham" corporation to which the kickbacks from RWA were allegedly directed for Blase's benefit. Thus, the indictment sufficiently alleges the material misstatement or omission element of the mail fraud statute because it alleges both that Blase had a duty to disclose to the citizens of Niles any payments Blase received through SMP and that he failed to do so. Accordingly, counts one through five are properly pleaded.

C.  *Constitutionality of Section 1346*

Blase next challenges counts one through five on constitutional grounds, arguing that those counts should be dismissed because Section 1346 is unconstitutionally vague. "A party may raise a vagueness challenge by arguing that either a statute is vague as applied to the case or that a statute is void on its face." *United States v. Rezko*, No. 05 CR 691, 2007 U.S. Dist. LEXIS 73515, at *20-21 (N.D. Ill. Oct. 2, 2007). Here, Blase challenges the constitutionality of Section 1346 on both grounds.

Blase first challenges the constitutionality of Section 1346 on its face. When a statute does not implicate First Amendment interests, as is the case here, a court generally "must uphold a facial challenge only if the enactment is impermissibly vague in all of its applications." *Fuller v. Decatur Pub. Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001). As Blase recognizes in his motion to dismiss, numerous courts, including this one, have found Section 1346 constitutional on its face. *See United States v. Rybicki*, 354 F.3d 124, 143 (2d Cir. 2003);

7

*United States v. Frost*, 125 F.3d 346, 371 (6th Cir. 1997); *Black*, 469 F. Supp. 2d at 531, n.10. Blase has failed to cite any authority holding that Section 1346 is unconstitutionally vague on its face, and the court declines to reverse its prior holding.

Blase also argues that Section 1346 is unconstitutionally vague as applied to this case because it provided no notice to Blase that he could be charged with federal mail fraud for allegedly "steering" Niles residents to use RWA for insurance purposes. In *Hausmann*, however, the Seventh Circuit held that its decision in *Bloom* placed the defendant on notice that the misuse of one's fiduciary position for personal gain may constitute a violation of the mail fraud statute under an honest services theory. *Hausmann*, 345 F.3d at 957. Here, the indictment alleges that Blase misused his official position as Mayor of Niles for personal gain by engaging in the alleged kickback scheme with RWA. Given the Seventh Circuit's rulings in *Bloom* and *Hausmann*, Blase was on notice at least as early as 1998 that misusing a fiduciary position for personal gain risks criminal liability. Thus, Blase's constitutional challenge as applied also fails.

D.     *Section 1346 Does Not Create a Common Law Crime.*

Blase also argues that Section 1346 creates an unconstitutional common law crime and that the government alleges nothing more than violations of Illinois state laws. This argument is unavailing. As discussed *supra*, the indictment properly alleges that Blase violated the federal mail fraud statute. Further, Blase's argument that Section 1346 creates an unconstitutional common law crime has been repeatedly rejected by this court. *See, e.g., Black*, 468 F. Supp. 2d at 528 n.8 (citing *Bloom*, 149 F.3d at 655-57; *United States v. Warner*, No. 02 CR 506, 2004 U.S. Dist. LEXIS 15727, at *70 (N.D. Ill. Aug. 12, 2004)). Blase has failed to cite any authority holding that Section 1346 creates an unconstitutional common law crime, and this court declines to reverse its prior holdings rejecting that argument.

E. *Counts Six Through Eleven Properly Allege the Crime of Filing False Tax Returns.*

Blase argues that counts six through eleven should be dismissed because they fail to allege that Blase personally received funds from RWA or SMP and thus fail to allege a violation of 26 U.S.C. § 7206(1) ("Section 7206(1)"), which prohibits filing materially false *individual* tax returns. To sufficiently plead a violation of Section 7206(1), the indictment must allege (1) that the defendant made or caused to be made a verified federal income tax return for the year in question; (2) that the tax return was false as to a material matter; (3) that the defendant signed the return willfully and knowing it was false; and (4) that the return contained a written declaration that it was made under the penalty of perjury. *United States v. Peters*, 153 F.3d 445, 461 (7th Cir. 1998). Here, counts six through eleven allege that for the years 2000 to 2005 Blase filed signed federal tax returns with the Internal Revenue Service in which Blase failed to report as "Other Income" the kickbacks that Blase allegedly received from RWA. The indictment further alleges that Blase verified those tax returns by written declarations that they were made under penalties of perjury, that Blase did not believe those returns to be true and correct as to every material matter, and that Blase knew that his income was substantially in excess of that reported for those years. Although Blase correctly asserts that the indictment does not allege that RWA paid Blase directly, the indictment does allege that RWA transferred money to SMP, which Blase allegedly constructively controlled, and that Blase then used that money to pay the salaries of his paralegals for their work at Blase's law firm. Those allegations are sufficient to allege that Blase received individual income that he failed to report on his federal tax returns for the years 2000 to 2005. Accordingly, counts six through eleven properly allege violations of Section 7206(1).

F.	*References to Illinois State Law*

Blase argues that even if the court refuses to dismiss the indictment, references to the Illinois Governmental Ethics Act and the Illinois Insurance Code should be stricken from the indictment because those references are irrelevant and potentially prejudicial. We will discuss these issues with the parties during a pretrial conference.

## **CONCLUSION**

For the foregoing reasons, defendant Nicholas Blase's motion to dismiss the superseding indictment [73] is denied. This court declines to rule on Blase's arguments regarding references to Illinois state law and will instead discuss these issues with the parties during a pretrial conference.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated:   October 24, 2007